Appeal No. 13-2881

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

   Appellant,

v.

ARCHBISHOP JEROME E. LISTECKI, AS TRUSTEE OF THE ARCHDIOCESE OF MILWAUKEE CATHOLIC CEMETERY PERPETUAL CARE TRUST,

   Appellee.

Appeal from the United States District Court
For The Eastern District of Wisconsin,
The Honorable Rudolph T. Randa, Presiding

District Court Case No. 13-CV-179

**Response of Appellee Archbishop Jerome E. Listecki, as Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust, to Appellant's Rule 3(c) Docketing Statement**

Appellee Archbishop Jerome E. Listecki ("Archbishop Listecki" or the "Trustee"), as Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust (the "Trust"), submits the following

response pursuant to Circuit Rules 3(c) and 28(a) to the Appellant's September 3, 2013 Docketing Statement:

1. <u>District Court Jurisdiction</u>

The Official Committee of Unsecured Creditors (the "Committee" or "Appellant") is correct that the District Court acted pursuant to both its original and appellate jurisdiction.[1] However, the Committee's suggestion is incorrect that the District Court treated the Bankruptcy Court's order as proposed findings and conclusions and, *because* of that, was exercising original jurisdiction under 28 U.S.C. § 157(c)(1). App. Dkt. No. 4, ¶ 21.[2]

The District Court initially granted the Trustee's timely motion for leave to appeal pursuant to 28 U.S.C. § 158(a)(3) and 28 U.S.C. § 1292(b) and, therefore, initially acted pursuant to its appellate

---

[1] The decisions of this Court and the United States Supreme Court have left no doubt of the relative division of authority between an Article III court and an Article I court. *See generally Wellness Int'l Network, Ltd. v. Sharif*, No. 12-1349, 2013 WL 4441926, at *12 (7th Cir. Aug. 21, 2013); *In re Ortiz*, 665 F.3d 906, 911-14 (7th Cir. 2011); *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011) (even statutory authority will not justify a bankruptcy court's actions if it lacked constitutional authority to enter a final order in a proceeding).

[2] Citations to the main bankruptcy case will be referred to as "Bankr. Dkt." Citations to the adversary proceeding will be referred to as "Adv. Dkt." Citations to the District Court docket will be referred to as "Dkt." Citations to the Court of Appeals docket will be referred to as "App. Dkt."

jurisdiction over the Bankruptcy Court. Dkt. No. 2; Fed. R. App. Proc. 6(b).[3]

In its July 29, 2013 Decision and Order, however, the District Court held both that the standard for leave to appeal was met and, in addition, withdrew the reference pursuant to 28 U.S.C. § 157(d) "[t]o the extent that the interlocutory nature of the bankruptcy court's order calls into question the [District] Court's plenary authority to resolve the Trustee's RFRA and First Amendment claims." Dkt. No. 24 at 9-10.

The District Court's decision was a final judgment, the parties agree, disposing of the entire adversary proceeding and its merits and subject to appeal. In its discussion of jurisdiction, the District Court stated that the Bankruptcy Court should have submitted proposed findings and conclusions to it—indeed, the Committee conceded the Bankruptcy Court's failure in that regard—and concluded that "the [District] Court could simply treat the bankruptcy court's order as such and review it accordingly [under 28 U.S.C. § 157(c)(1)]." *Id.* at 9. But the District

---

[3] In his motion for leave to appeal, the Trustee alternatively requested that the District Court either withdraw the reference or treat the Bankruptcy Court's decision as proposed findings of fact and conclusions of law subject to *de novo* review. Dkt. No. 1.

Court declined to do so and, instead, withdrew the reference entirely, asserting its original and plenary jurisdiction over non-core proceedings. *Id.* at 10. Therefore, the District Court exercised its original jurisdiction under 28 U.S.C. § 1334 because it withdrew the reference pursuant to 28 U.S.C. § 157(d). *See* Fed. R. App. Proc. 6(a).

### 2. Appellate Jurisdiction

The Committee's statement of appellate jurisdiction is correct.

### 3. Prior or Related Appellate Proceedings

The Committee is correct in stating that there are no prior or related appellate proceedings in this particular Adversary Proceeding (Adversary Proceeding No. 11-02459; District Court Case No. 13-cv-179). However, as identified below, there are several appellate proceedings arising from the bankruptcy case itself—Bankruptcy Case No. 11-20059—all generally pertaining to the allowance of claims filed by sexual abuse victims.

The single pending (though unrelated) Seventh Circuit appellate proceeding arises from Bankruptcy Case No. 11-20059, where the Bankruptcy Court granted the Archdiocese of Milwaukee's Motion for Summary Judgment and disallowed Claimant A-49's proof of claim. The

District Court affirmed the Bankruptcy Court's decision, and Claimant A-49 appealed to this Court, where the matter is pending after oral argument on April 17, 2013 (case heard and taken under advisement by panel: Frank H. Easterbrook, Chief Judge; Diane P. Wood, Circuit Judge and Diane S. Sykes, Circuit Judge):

| Caption | Number |
|---|---|
| *John Doe v. Archdiocese of Milwaukee* | 12-3689 (7th Circuit) 12-cv-292-RTR (District Court) |

Moreover, there have been several unrelated District Court appellate proceedings arising from Bankruptcy Case No. 11-20059:

| Caption | Number |
|---|---|
| *Archdiocese of Milwaukee v. John Doe* | 12-cv-288-RTR (Closed 10/29/12) Dismissed for lack of jurisdiction |
| *Archdiocese of Milwaukee v. John Doe* | 12-cv-289-RTR (Closed 10/29/12) Dismissed for lack of jurisdiction |
| *John Doe v. Archdiocese of Milwaukee* | 12-cv-290-RTR (Closed 10/29/12) Dismissed for lack of jurisdiction |
| *John Doe v. Archdiocese of Milwaukee* | 12-cv-291-RTR (Closed 10/29/12) Dismissed for lack of jurisdiction |
| *John and Jane Does v. Archdiocese of Milwaukee* | 12-cv-512-RTR (Closed 10/29/12) Appeal voluntarily withdrawn |
| *John and Jane Doe v. Archdiocese of Milwaukee* | 13-cv-00419-RTR (Pending) |

5

### 4. Parties in Official Capacity

Archbishop Jerome E. Listecki appears as Trustee for the Trust. The Committee is otherwise correct in stating that none of the parties to the appeal appear in any official capacity.

### 5. Counsel of Record

Counsel of record for the Trustee is Brady C. Williamson, whose mailing address is 780 North Water Street, Milwaukee, WI 53202, and telephone number is (414) 273-3500. Additional counsel for the Trustee is Jennifer L. Vandermeuse, whose mailing address is 780 North Water Street, Milwaukee, WI 53202, and telephone number is (414) 273-3500.

### 6. The Committee's substantive arguments are inappropriate and incorrect

As a final matter, many of the Committee's assertions in its docketing statement exceed the boundaries of a docketing statement. Circuit Rule 3(c)(1) requires the appellant to file a docketing statement containing the basis for the Seventh Circuit Court of Appeals' jurisdiction. *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005); Circuit Rule 28(a) (discussing the requirements of an appellant's jurisdictional statement).

Yet the Committee's seventeen-page docketing statement is riddled with substantive and polemic arguments irrelevant to jurisdiction, related appellate proceedings, or the other requirements of Circuit Rules 3(c) and 28(a). *See, e.g.*, Appellant's Docketing Statement, App. Dkt. No. 4, ¶ 6 ("[t]he Committee's PMSJ raised purely legal questions and did not seek summary judgment on the factual issue of whether permitting the Committee to recover the $55 million fraudulently transferred to the Cemetery Trust would impose a substantial burden on the Cemetery Trust's free exercise of religion.").[4] The Committee's arguments pertaining to the merits of its appeal and its pending motion to vacate the District Court decision are neither required nor authorized by rule or statute. They are inappropriate. The Committee's goal is

---

[4] *See also id.* ¶¶ 3-4 (suggesting that Appellant's ultimate request for relief was only for *some* of the Trust funds, rather than all of them); ¶¶ 7-10 (arguing that the issue of "substantial burden" was not properly before the Bankruptcy Court), 13 (arguing the District Court "reached out" to decide the substantial burden issue when it was not before the Bankruptcy Court), 24-25 (arguing Judge Randa should have recused himself because he has an interest in the manner in which the cemetery funds will be used, which impermissibly burdened him with "emotional and moral interests in how these cemeteries are maintained in the future").

7

merely reversal and remand, which it is free to argue in its briefs, not in a docketing statement.[5]

The Trustee will address the merits, including the additional inaccurate assertions by Appellant, in his appellate brief, as contemplated by this Circuit's Rules and the Federal Rules of Appellate Procedure.

Dated: September 13, 2013.

*s/ Brady C. Williamson*
Brady C. Williamson
Jennifer L. Vandermeuse
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202- 3590
Phone: (414) 273-3500
Fax: (414) 273-5198

*Attorneys for Appellee Archbishop Jerome E. Listecki*

10045127.1

---

[5] Laurie Goodstein, *Judge Is Asked by Creditors of Archdiocese to Leave Case*, N.Y. Times, Sept. 4, 2013, at A14 (Committee counsel explaining "[Judge Randa's] reasoning would reverse about 75 percent of the free exercise cases out there," and "[t]hat's why it's so troubling, and that's why we are determined to get the decision vacated or at least reversed, because it's just bad law.")

Appeal No. 13-2881

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

   Appellant,

v.

ARCHBISHOP JEROME E. LISTECKI, AS TRUSTEE OF THE ARCHDIOCESE OF MILWAUKEE CATHOLIC CEMETERY PERPETUAL CARE TRUST,

   Appellee.

Appeal from the United States District Court
For The Eastern District of Wisconsin,
The Honorable Rudolph T. Randa, Presiding

District Court Case No. 13-CV-179

**Certificate of Service**

I hereby certify that on September 13, 2013, I caused a true and correct copy of *Appellee's Response to Appellant's Rule 3 (c) Docketing Statement* to be filed with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the ECF

participants for this case.

>*s/ Brady C. Williamson*
>Brady C. Williamson